UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tanesha Renee Holder,                 Case No. 23-cv-1287 (NEB/LIB)

         Petitioner,

v.                                        **REPORT AND RECOMMENDATION**

Michael Segal,

         Respondent.

---

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] upon Petitioner Tanesha Renee Holder's Petition for Writ of Habeas Corpus ("Petition"). [Docket No. 1].

Petitioner alleges in her Petition that she is entitled to additional days of earned time credits under the First Step Act of 2018 ("FSA"). (See Petition [Docket No. 1]). Although Petitioner's pleadings do not make clear the exact number of additional days of earned time credits to which Petitioner believes she is entitled, the number appears to be between 3,500 days and 4,025 days. (See Petition [Docket No. 1]; Exhibits [Docket No. 1-1]). Because Petitioner's claims for relief are premised on an incorrect interpretation of the FSA, it is recommended that her Petition be denied and this matter dismissed.

Under the FSA,

> [a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

---

[1] Although the Petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to the Petition. See Rule 1(b).

> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

Petitioner claims that "[t]he Federal Bureau of Prisons has broken the law and thousands, like me, have not been provided their earned time credits" under § 3632(d)(4)(A). (Petition [Docket No. 1] at 6). The Petition itself is ambiguous as to why Petitioner believes that the Federal Bureau of Prisons ("BOP") is not complying with the FSA, but the exhibits attached to the Petition clarify the claim being raised.

Petitioner has taken multiple evidence-based recidivism reduction programs (or classes) while incarcerated, many of those programs were taken simultaneously, and she believes she has not been provided with proper credit for each of these programs in a manner she believes is consistent with § 3632(d)(4)(A). (See Petition [Docket No. 1]; Exhibits [Docket No. 1-1]). Under the Petitioner's interpretation of the of § 3632(d)(4)(A), the FSA entitles her to 10 days of earned time credit per program or class for each thirty-day period that she is enrolled in each program or class. Put differently, Petitioner believes if she participates in a single qualifying program or class for a particular thirty-day period, she is entitled to 10 days of credit, and she is entitled to an additional 10 days of credit for each additional qualifying program or class in which she participates during the same thirty-day period. Thus, under Petitioner's interpretation, if she participated in 10 different, qualifying programs or classes during a single thirty-day period, she

would be entitled to 100 days of earned time credit for her participation during that single thirty-day period.

The BOP interpretation of the FSA varies from that of Petitioner.

The regulation promulgated by the BOP entitles prisoners to 10 days of time credit for each thirty-day period that the prisoner is enrolled in programming, regardless of how many individual programs or classes the prisoner might be enrolled in at any given time. See 28 C.F.R. § 523.42(c)(1) ("For every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits.").

Petitioner now asks that the Court find that the BOP has misinterpreted the FSA.

Petitioner is one of a great many prisoners to recently offer this challenge to the BOP's interpretation of the FSA. Her interpretation of the FSA has universally been rejected, including repeatedly here in this District. See Garcia v. Segal, 23-cv-883 (JRT/LIB), Docket No. 5 (D. Minn. May 12, 2023); Rice v. Segal, No. 23-cv-0751 (ECT/DJF), Docket No. 6 (D. Minn. Apr. 24, 2023); Sisson v. Segal, No. 23-cv-548 (NEB/JFD), Docket No. 5 (D. Minn. Apr. 14, 2023); Bray v. Yates, No. 2:22-cv-142 (JTR), 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023); Dale v. Hawkins, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); Burruss v. Hawkins, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023). This Court agrees with the analysis found in the cases upholding the BOP's interpretation of the FSA here.

Section 3632(d)(4)(A) does not require that the BOP award credits for each program or class completed. Instead, prisoners "shall earn . . . time credits for every 30 days of successful participation in evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). A prisoner who participates in one program or many programs simultaneously

is equally "participati[ng] in evidence-based recidivism reduction programming," Id., and is equally eligible to receive the same amount of time credits. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." Dale, 2023 WL 2601215, at *5.

This Court does not believe the language of § 3632(d)(4)(A) to be ambiguous in this regard, but even if the language were ambiguous, Petitioner would not be entitled to habeas relief unless the regulatory implementation of § 3632(d)(4)(A) by the BOP were an unreasonable interpretation of the statute. "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts.'" Ameren Corp. v. FCC, 865 F.3d 1009, 1012 (8th Cir. 2017) (quoting Entergy Corp. v. Riverkeeper, Inc., 556 U.S. 208, 218 (2009)). The BOP has interpreted § 3632(d)(4)(A) consistent with what this Court concludes is required by the plain language of the FSA—prisoners are awarded FSA credits based on the number of days spent in programming, not based on the number of programs or classes attended. See 28 C.F.R. § 523.42(c)(1). Regardless of whether this interpretation is required by the text of § 3632(d)(4)(A), "the BOP's interpretation of the FSA credit-accrual formula is clearly reasonable." Bray, 2023 WL 2894918, at *6.

This Court therefore concludes that Petitioner is not entitled to habeas corpus relief and recommends that her habeas petition be denied.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. The Petition for a writ of habeas corpus of Petitioner Tanesha Renee Holder, [Docket No. 1], be **DENIED**; and

4

   2. This matter be **DISMISSED without prejudice**.

Dated: May 23, 2023                                s/Leo I. Brisbois
                                                   Hon. Leo I. Brisbois
                                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).